UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,                                    Case No. 6:09-cr-60167-AA

        Plaintiff,                                              ORDER

    v.

SHANNON EGELAND,

        Defendant.

_____

Aiken, Judge:

On January 29, 2014, defendant was sentenced to 120 months' imprisonment and 60 months'

supervised release after convictions for bank fraud and conspiracy to commit bank fraud.

Defendant moves to vacate, set aside, or correct his sentence on grounds that the court

improperly relied on prior state convictions for drug and perjury offenses to increase the applicable

sentencing guidelines. Defendant maintains that his drug conviction was overturned on the day he

was sentenced, and that he is appealing the perjury conviction. Defendant also claims ineffective

assistance of counsel based on his counsel's failure to alert the court that the state charges were

overturned or on appeal.

1      - ORDER

As the government points out, defendant cannot challenge the court's calculation of his guidelines range in a § 2255 motion. A defendant "cannot challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding," either "before the district court or in a direct appeal from the sentencing decision." *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996). Defendant did not raise his claims before this court or on appeal. Further, defendant's guidelines claim does not implicate the constitutionality or fundamental fairness of his sentence. *See United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) ("[A] motion under § 2255 must be based upon an independent constitutional violation."). The court imposed a significant downward variance when imposing a sentence of 120 months, and re-calculation of defendant's guidelines range would not have affected his sentence.

For the same reasons, defendant cannot succeed on his ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). I find no deficiency in counsel's alleged failure to notify the court that a prior conviction was overturned and another was on appeal. *See* Grover Aff.; U.S.S.G. § 4A1.2(l). Further, even if counsel's performance was deficient, defendant fails to establish any resulting prejudice for the reasons explained above. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Accordingly, defendant's motions under § 2255 and to appoint counsel (docs. 360 and 361) are DENIED. IT IS SO ORDERED.

Dated this 19 day of September, 2016.

_____
Ann Aiken
United States District Judge

2    - ORDER