IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHANNON DEAN EGELAND,<br><br>    Defendant. | 6:09-cr-60167-AA<br>**ORDER AND OPINION** |

AIKEN, District Judge.

Defendant seeks an order from this Court directing the U.S. Marshals Service to hold him in custody at the Multnomah County Detention Center ("MCDC") while he prepares a motion pursuant to 28 U.S.C. § 2255 or, in the alternative, until work is completed on his leg prosthetic. This motion is DENIED.

On January 29, 2014, I sentenced defendant to a total term of imprisonment of 120 months with a five year term of supervised release. Prior to self-reporting to prison, defendant was arrested based on a release violation on October 23, 2014. On October 30, 2014, I ordered that defendant be remanded to the custody of the Bureau of Prisons ("BOP") to commence serving his sentence.

Defendant represents that he was held in a BOP facility in Kentucky while serving his sentence in this case. Recently, defendant has been held at MCDC pending his sentencing in a separate criminal case, Case No. 3:15-cr-00424.[1] Defendant filed the present motion two days before the scheduled sentencing. He asks this Court to order that he continue to be held at MCDC while he works with his court appointed counsel on a § 2255 motion or, in the alternative, until work is completed on a new socket for his prosthetic leg.

The Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence. See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); *United States v. Cebellos*, 671 F.3d 852, 855 (9th Cir. 2011); *Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir.2008) ("Under 18 U.S.C. § 3621(b), the BOP has authority to designate the place of an inmate's imprisonment."). Defendant has already begun serving his sentence in this case. I have no authority to select the place where the sentence will be served. *Ceballos*, 671 F.3d at 855; citing *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir.1984) (per curiam). Moreover, there is nothing which distinguishes this case from the hundreds of others where defendants assist their post-trial attorneys from considerable geographic distances. *See also United States v. Poulin*, 762 F. Supp. 2d 200, 202–03 (D. Me. 2011) ("[I]f the preparation of a *habeas* petition trumped the BOP's right to designate a defendant to a particular institution, it would be the defendant, not the BOP, who would effectively designate himself, a result not contemplated by federal law.')

/ / /

/ / /

---

[1] I note that this motion as it regards the completion of defendant's leg prosthetic would be more appropriately made before U.S. Senior District Judge Anna Brown, who will preside over sentencing in that case.

## CONCLUSION

For the reasons set forth above, defendant's Motion (doc. 382) is DENIED.

It is so ORDERED.

DATED this 28th day of February 2018.

_____
ANN AIKEN
U.S. District Judge